HENRY HENZE, Plaintiff in error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendant in error.

(Submitted September 20, 1880 ; decided October 5, 1880.)

THE indictment against the plaintiff in error charged him with having stolen fifty pieces of cloth, and fifty pieces of cassimere of the value of $4.50 per yard ; and, also, with having, at the same time, received said property knowing it to have been stolen. He was convicted of petit larceny.

The evidence showed that at the time of the alleged larceny he was in the employ of Rogers, Peet & Co., as a cutter, and that on the evening of the 25th day of October, 1878, he was stopped, when about leaving the store, and searched, and there was found a small piece of cassimere in his hat, and other goods of his employers in a satchel. His residence was searched the next day, and a quantity of similar goods was found to the value of about $200, but the ownership of the articles at the house was so imperfectly and doubtfully shown that the district attorney abandoned the charge of grand larceny.

On the trial a witness who aided in the search at the prisoner's house was asked "what did you find there?" This question, put on behalf of the prosecution, was objected to on the part of the accused. The ground of objection stated was that " the indictment charged a larceny committed on the 25th day of October ; that the witness had testified that on that day the accused was stopped and pieces of cloth belonging to the complainants were found on him; and that evidence could not be given as to the finding of other property." The objection was overruled and exception taken. The court here say : " It is not easy, from its language, to understand what was intended by this objection. On the argument here it is interpreted to mean that the inquiry led to proof of the transaction entirely separate and distinct from that charged in the indictment, and that the prosecution were seeking to convict of one crime by proving the commission of another. The objection was properly overruled. The evidence was admissible as tending to prove the charge of grand larceny, and, also, that of

receiving stolen goods. That it failed of its aim does not make it incompetent. It bore not on a separate and distinct offense, but upon the very crimes charged in the indictment."

Objection was made on behalf of the prosecution to the following questions put by the prisoner's counsel to the same witness: "Fifty pieces of cassimere valued at $4.50 each piece; was the piece of cassimere which you found on this prisoner, on the 25th of October, one of these pieces?" The question was excluded. The court say: "It would be a sufficient answer to this objection that the identical question, using the broader term 'cloth,' instead of the specific word 'cassimere,' had just before been asked, and answered. The particular evidence sought was already received and the question objected to became a mere repetition. But it was properly excluded for another reason. The phrase contained in it, 'fifty pieces of cassimere valued at $4.50 each piece,' was quoted from the language of the indictment, and to ask whether the piece found on the prisoner on the 25th of October was one of the fifty pieces named in the indictment was in effect to ask from the witness a conclusion which could only be properly drawn by the jury. It would have been almost as correct to have asked the witness if the prisoner was guilty as charged in the indictment."

After the prosecution had rested the counsel for the accused requested the court to direct a verdict of acquittal, which request was refused. This ruling was assailed upon the ground that there was no proof given on the trial that the prisoner stole any of the property mentioned in the indictment. It was conceded that there was proof sufficient to show, at least, the larceny of one piece of cassimere, but it was insisted that such piece cannot be said to be one of those named in the indictment because the precise question whether it was had been objected to on the part of the people and excluded. The court say: "It is enough to say that the question whether the article stolen was one of those named in the indictment, assuming that the description in that document was broad enough to cover it, was wholly a question for the jury and not for either a witness, or the court. Upon the fact shown of

the larceny of the piece found in the prisoner's possession, it was for the jury to say whether the crime charged in the indictment, and not some other crime, was proven."

At the conclusion of the evidence the court was asked by the prisoner's counsel to charge " that the mere possession by the prisoner is not in itself sufficient to justify his conviction." The court answered : " Taken in connection with the other evidence, I believe it is." Said counsel thereupon excepted. The court say : " The exception taken was general, and for that reason hardly sufficient to raise the question argued before us. The attention of the court must be fairly and distinctly called to the precise error complained of. The rule is a wise one, and tends to prevent mistake and secure justice, and we should adhere to it steadily. In the present case we do not know whether the exception taken was to the refusal to charge the specific proposition presented, or to the qualification added. And if the request and the answer are to be taken together as constituting one legal proposition, and that proposition excepted to, it leaves open only the one question raised on the argument. The claim here is that the court expressed an emphatic opinion of the prisoner's guilt, and substantially directed a conviction as matter of law. That is not at all a correct view of the charge. The court had already, before this request was made, fairly presented all the questions of fact and left to the jury to determine from the whole evidence the guilt or innocence of the accused. Their province and prerogative had been in no manner invaded. The court is then asked to charge, and the request and answer taken together, in which form alone it can be reached by the exception, amount to saying that the possession by the prisoner of the stolen goods, if not enough by itself to justify a conviction, is enough taken in connection with the other evidence in the case. As a legal proposition, that is entirely true. It means no more than saying that if, from the evidence in the case, the jury are satisfied of the prisoner's guilt, that evidence will be legally sufficient to sustain their verdict. In truth it amounts to no more than every judge in effect says when he refuses to direct an acquittal on the ground that there is sufficient evidence to go to the

jury. In this case there was no expression of opinion on the part of the trial judge, as to the guilt or innocence of the accused, nor did he, as is alleged, adjudge the prisoner's guilt. His ruling, taken in connection with the rest of the charge, was in substance that the question of the guilt or innocence of the accused was wholly for the jury, but if they should find him guilty, the evidence was legally sufficient to sustain the verdict. So understood, it was open to no criticism, and comes within the rule, as already settled in this court. (*Stover* v. *The People*, 56 N. Y. 318.) It is there said that "in many cases judges have instructed juries that such proof was sufficient to convict. This is correct, with the addition that if it convinced them of the guilt of the party, which would ordinarily be implied from the direction." In this case the whole question had been submitted as one of fact, and we do not see that the jury could have been misled by it. The question of the sufficiency of the evidence to justify a conviction had already been once decided against the accused, on the motion to direct an acquittal. That it was repeated in the charge was due wholly to the effort in his behalf to draw from the court a contrary conclusion founded upon a part of the evidence merely."

We think no error has been committed, and the judgment should be affirmed.

*William F. Howe* for plaintiff in error.

*Benj. K. Phelps* for defendant in error.

Finch, J., reads for affirmance.
All concur.
Judgment affirmed.